Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3853 | **DATE** | 10/30/2012 |
| **CASE TITLE** | United States of America vs. Funds in the Amount of $13,700 | | |

**DOCKET ENTRY TEXT**

The United States' Motion To Strike "Verified Claim" [Dkt. # 10] is granted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    This is a forfeiture action brought by the United States government pursuant to 21 U.S.C. § 881(a)(6). In a verified complaint, the government alleges that the defendant funds ($13,700) were to be exchanged for a controlled substance and were also proceeds from the sale of a controlled substance, all in violation of 21 U.S.C. § 841 *et seq.* and therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). The complaint describes events on January 11, 2012, when law enforcement officers were alerted to the suspicious travel itinerary of Quade Wehrman who was traveling on a first class sleeper, one-way ticket from Carbondale, Illinois to Sacramento, California via Chicago. The ticket was purchased the day before and Wehrman was traveling alone. (Cmplt. ¶ 5.) After being alerted to this information, Task Force Officers of the DEA attempted to interview Wehrman at Union Station as he was waiting to board an Amtrak train. Wehrman had a black backpack. (¶¶ 6-7.) Officers questioned him whether he had large sums of money or drugs. He initially denied that he did. (¶ 10.) Later, after officers indicated that they would be conducting a canine "sniff test" of the backpack, Wehrman admitted that he had marijuana and a large amount of cash. (¶ 24.) The canine gave a positive response for the presence of drugs. A search warrant was obtained, and the officers found $13,700 in Wehrman's backpack and on his person. (¶¶ 26-28.)

    On June 28, 2012, Quade Wehrman filed a "verified claim" asserting ownership of the defendant funds. The claim was a letter signed by Wade on letterhead of his counsel located in Seattle, Washington. The letter states in conclusory fashion, without any supporting details, that Wehrman "claim[s] ownership" of the $13,700. (Dkt. # 10-2.) On July 12th, the government served Wehrman's counsel via email and certified mail with Special Interrogatories pursuant to Rule G(6)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. Rules"). Rule G(6)(b) requires Wehrman to file answers or objections to the Special Interrogatories within 21 days. As of the date of this order, Wehrman has never filed any response. On August 7th, the government filed the present motion to strike Wehrman's claim, pursuant to Supp. Rule G(8)(c)(i)(A), because he failed to answer the interrogatories. The reason why the interrogatories were propounded, the Government explains, is to obtain information about whether

| STATEMENT |
|---|
| Wehrman has standing under Article III in light of his conclusory and bare bones claim to ownership. The government alternatively argues that the claim should be stricken because Wehrman had not met his burden to establish standing. The government's motion sets forth legal arguments and case law buttressing these two alternative grounds to strike the "verified claim."<br><br>    On August 13th, this Court set a briefing schedule on the government's motion to strike. Wehrman was to file his response brief by September 5th. (Dkt. # 12.) As of the date of this order, Wehrman has not filed a response. Neither Wehrman nor his counsel have attempted to contact the court to explain why no brief has been filed. The government then filed a reply brief reiterating the arguments and cases in support of its two arguments.<br><br>    We have read the government's opening and reply briefs and agree with the arguments for striking the claim. The claim is conclusory and lacks *no* factual information to allow the government or this Court to assess whether Wehrman has standing to pursue his claim. Moreover, and independent of these reasons, Wehrman has not filed a response brief. He has therefore waived any further objections. For these reasons and for the additional reasons set forth in the two unopposed briefs filed by the government, the motion to strike [Dkt. # 10] is granted. |